UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-8 |
| | § | |
| SARAH WEST, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sarah West's Motion for Compassionate Release (Doc. 3477) For the reasons set forth below, the Court **DENIES** West's motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After West pleaded guilty to possession with intent to distribute a controlled substance and aiding and abetting, the Court sentenced her to 115 months of imprisonment and three years of supervised release. Doc. 1130, J., 1–3. West, who is now forty-nine years old, is serving her sentence at Bryan Federal Prison Camp (FPC). She is scheduled to be released in April 2022.[1] As of August 25, 2021, Bryan FPC reports zero active and sixty-nine recovered cases of COVID-19 among its inmates.[2] On August 24, 2021, West filed the pending motion for compassionate release under 18

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 25, 2021).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed August 25, 2021).

U.S.C. § 3582(c)(1)(A). Doc. 3477, Def.'s Mot., 1. The Court reviews West's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *West Has Not Demonstrated Proof of Exhaustion.*

West's request for compassionate release is denied because she has not proved that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release

West claims she "has fully exhausted her administrative remedies" by informing "her unit team that she wished to be considered for compassionate release during the Covid lock-down, she emailed the warden at her facility, she completed a BP 9 and its appeals[,]" and that her requests have been denied. Doc. 3477, Def.'s Mot., 2. But, importantly, West provides no documentation supporting her claim that she took these measures.

Defendants are required to prove their compliance with the exhaustion requirement of § 3582(c)(1)(A), and a motion that lacks this proof is insufficient. *United States v. Cisneros*, 2021 WL 977098, at *2 (N.D. Tex. Mar. 15, 2021). And without evidence supporting her claim that she exhausted her administrative remedies, West has not proved that she complied with the exhaustion requirement. The Court thus **DENIES** her motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.   *West Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether West exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered

---

request—irrespective of a denial. *See id.* at *5.

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391(5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

holding). Considering West's motion in light of § 1B1.13 and applying its discretion, the Court concludes that West has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent West raises concerns about the conditions at Bryan FPC, those concerns do not give rise to extraordinary and compelling circumstances. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But Bryan FPC's statistics—sixty-nine recovered cases and zero active cases of COVID-19—do not suggest an outbreak at all. In any event, generalized concerns about the spread of COVID-19 at West's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding West's individual circumstances, West states that she "suffers from chronic lung issues, heart issues, and sleep apnea; including COPD, asthma, obesity and other serious medical condition[s]." Doc. 3477, Def.'s Mot., 3. She suggests that these issues "limit [her] ability to provide self-care in the institution" and "make[] her susceptible to COVID infection." *Id.* at 5. But, importantly, West supplies no medical records to substantiate her alleged health conditions. *See generally id.* With no medical records from West, the Court cannot deem West's health conditions "extraordinary and compelling reasons" for compassionate release. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** West's motion **WITHOUT PREJUDICE** to refiling.

IV.

CONCLUSION

West's request for compassionate release under § 3582(c)(1)(A) fails because she has not proved exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** West's motion (Doc. 3477) **WITHOUT PREJUDICE**.

By denying West's motion without prejudice, the Court permits West to file a subsequent motion for compassionate release in the event she can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because West fails to prove exhaustion of her administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: August 26, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE